UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| vs. | INDICTMENT |
| DEQUAN M. KEYS (1), | 18 U.S.C. §§ 922(u) and 924(i)(1) |
| and | 18 U.S.C. § 1951(a) |
| | 18 U.S.C. § 924(c)(1)(A)(i)-(ii) |
| MARWAN H. MUHAMMAD (2), | 18 U.S.C. §§ 922(g)(1) and 924(a)(8) |
| | 18 U.S.C. § 2(a) |
| Defendants. | FORFEITURE ALLEGATIONS |

THE GRAND JURY CHARGES:

## COUNT 1
### (Theft of a Firearm from a Federal Firearms Licensee)

1. On or about January 12, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly stole and unlawfully took and carried away from the premises of Vance Retail LLC, d/b/a "Vance Outdoors," a federal firearms licensee, a firearm in the licensee's business inventory, namely—a Smith & Wesson, Model M&P 40C, .40 caliber handgun (S/N: HXZ7585), and the firearm had been shipped and transported in interstate and foreign commerce.

In violation of 18 U.S.C. §§ 922(u) and 924(i)(1).

## COUNT 2
### (Theft of a Firearm from a Federal Firearms Licensee)

2. On or about January 17, 2025, in the Southern District of Ohio, the defendants, **DEQUAN M. KEYS** and **MARWAN H. MUHAMMAD**, knowingly stole and unlawfully took and carried away from the premises of Vance Retail LLC, d/b/a "Vance Outdoors," a federal firearms licensee, a firearm in the licensee's business inventory, namely—a Glock, Model 17, 9mm handgun (S/N: CDTW399), and the firearm had been shipped and transported in interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(u), 924(i)(1), and 2(a).**

## COUNT 3
### (Hobbs Act Robbery)

3. At all times material to this Indictment, the Little Caesars Pizza located at 697 Harrisburg Pike, Columbus, Ohio, was engaged in commercial activities in and affecting interstate commerce, that is, the Little Caesars Pizza intended to purchase and did purchase items made by manufacturers and producers outside the State of Ohio, which items moved and were to move in interstate commerce from outside the State of Ohio for use and sale by the Little Caesars Pizza within the State of Ohio.

4. On or about January 21, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly obstructed, delayed, and affected commerce, and the movement of articles in such commerce, by committing robbery, in that the defendant, **DEQUAN M. KEYS**, unlawfully took and obtained cash worth approximately $200 belonging to the Little Caesars Pizza from the person of and in the presence of an employee of the Little Caesars Pizza, against her will, by means of

2

actual and threatened force, violence, and fear of injury, immediate and future, to her person.

**In violation of 18 U.S.C. § 1951(a).**

## COUNT 4
**(Brandishing a Firearm During and in Relation to a Crime of Violence)**

5. On or about January 21, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the robbery of the Little Caesars Pizza, as charged in Count 3 of this Indictment, the allegations of which are incorporated here by reference.

**In violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii).**

## COUNT 5
**(Attempted Hobbs Act Robbery)**

6. At all times material to this Indictment, the Turkey Hill Minit Market ("Turkey Hill") located at 6195 Cleveland Avenue, Columbus, Ohio, was engaged in commercial activities in and affecting interstate commerce, that is, the Turkey Hill intended to purchase and did purchase items made by manufacturers and producers outside the State of Ohio, which items moved and were to move in interstate commerce from outside the State of Ohio for use and sale by the Turkey Hill within the State of Ohio.

7. On or about January 21, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly attempted to obstruct, delay, and affect

commerce, and the movement of articles in such commerce, by committing robbery, in that the defendant, **DEQUAN M. KEYS**, attempted to unlawfully take and obtain cash belonging to the Turkey Hill from the person of and in the presence of an employee of the Turkey Hill, against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person.

**In violation of 18 U.S.C. § 1951(a).**

## COUNT 6
### (Hobbs Act Robbery)

8. At all times material to this Indictment, the Turkey Hill Minit Market ("Turkey Hill") located at 721 South Hamilton Road, Whitehall, Ohio, was engaged in commercial activities in and affecting interstate commerce, that is, the Turkey Hill intended to purchase and did purchase items made by manufacturers and producers outside the State of Ohio, which items moved and were to move in interstate commerce from outside the State of Ohio for use and sale by the Turkey Hill within the State of Ohio.

9. On or about January 23, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly obstructed, delayed, and affected commerce, and the movement of articles in such commerce, by committing robbery, in that the defendant, **DEQUAN M. KEYS**, unlawfully took and obtained cash worth approximately $179 belonging to the Turkey Hill from the person of and in the presence of an employee of the Turkey Hill, against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person.

**In violation of 18 U.S.C. § 1951(a).**

## COUNT 7
**(Brandishing a Firearm During and in Relation to a Crime of Violence)**

10.     On or about January 23, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the robbery of the Turkey Hill Minit Market, as charged in Count 6 of this Indictment, the allegations of which are incorporated here by reference.

**In violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii).**

## COUNT 8
**(Hobbs Act Robbery)**

11.     At all times material to this Indictment, the Turkey Hill Minit Market ("Turkey Hill") located at 1910 Stringtown Road, Grove City, Ohio, was engaged in commercial activities in and affecting interstate commerce, that is, the Turkey Hill intended to purchase and did purchase items made by manufacturers and producers outside the State of Ohio, which items moved and were to move in interstate commerce from outside the State of Ohio for use and sale by the Turkey Hill within the State of Ohio.

12.     On or about January 24, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly obstructed, delayed, and affected commerce, and the movement of articles in such commerce, by committing robbery, in that the defendant, **DEQUAN M. KEYS**, unlawfully took and obtained cash worth approximately $75 belonging to the Turkey Hill from the person of and in the

5

presence of an employee of the Turkey Hill, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

**In violation of 18 U.S.C. § 1951(a).**

## COUNT 9
**(Brandishing a Firearm During and in Relation to a Crime of Violence)**

13. On or about January 24, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the robbery of the Turkey Hill Minit Market, as charged in Count 8 of this Indictment, the allegations of which are incorporated here by reference.

**In violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii).**

## COUNT 10
**(Hobbs Act Robbery)**

14. At all times material to this Indictment, the Dollar General located at 1350 West Broad Street, Columbus, Ohio, was engaged in commercial activities in and affecting interstate commerce, that is, the Dollar General intended to purchase and did purchase items made by manufacturers and producers outside the State of Ohio, which items moved and were to move in interstate commerce from outside the State of Ohio for use and sale by the Dollar General within the State of Ohio.

15. On or about January 25, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly obstructed, delayed, and affected commerce, and the movement of articles in such commerce, by committing robbery,

6

in that the defendant, **DEQUAN M. KEYS**, unlawfully took and obtained cash worth approximately $300 belonging to the Dollar General from the person of and in the presence of employees of the Dollar General, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

**In violation of 18 U.S.C. § 1951(a).**

## COUNT 11
### (Brandishing a Firearm During and in Relation to a Crime of Violence)

16. On or about January 25, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the robbery of the Dollar General, as charged in Count 10 of this Indictment, the allegations of which are incorporated here by reference.

**In violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii).**

## COUNT 12
### (Hobbs Act Robbery)

17. At all times material to this Indictment, the Turkey Hill Minit Market ("Turkey Hill") located at 1953 Morse Road, Columbus, Ohio, was engaged in commercial activities in and affecting interstate commerce, that is, the Turkey Hill intended to purchase and did purchase items made by manufacturers and producers outside the State of Ohio, which items moved and were to move in interstate commerce from outside the State of Ohio for use and sale by the Turkey Hill within the State of Ohio.

7

18. On or about January 26, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly obstructed, delayed, and affected commerce, and the movement of articles in such commerce, by committing robbery, in that the defendant, **DEQUAN M. KEYS**, unlawfully took and obtained cash worth approximately $60 belonging to the Turkey Hill from the person of and in the presence of an employee of the Turkey Hill, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

**In violation of 18 U.S.C. § 1951(a).**

## COUNT 13
**(Brandishing a Firearm During and in Relation to a Crime of Violence)**

19. On or about January 26, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowingly used, carried, and brandished a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the robbery of the Turkey Hill Minit Market, as charged in Count 12 of this Indictment, the allegations of which are incorporated here by reference.

**In violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii).**

## COUNT 14
**(Felon in Possession of a Firearm)**

20. On or about January 26, 2025, in the Southern District of Ohio, the defendant, **DEQUAN M. KEYS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm—specifically: a Glock, Model 17, 9mm handgun

8

(S/N: CDTW399)—and the firearm was in and affecting interstate and foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).**

## FORFEITURE ALLEGATION A

21. The allegations of the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

22. Upon conviction of any of the offenses alleged in the Indictment in violation of 18 U.S.C. 1951(a), the defendant, **DEQUAN M. KEYS**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

23. <u>Substitute Assets</u>: If the forfeitable property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant, **DEQUAN M. KEYS**, up to the value of the forfeitable property.

**Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## FORFEITURE ALLEGATION B

24. The allegations of the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

25. Upon conviction of any of the offenses alleged in this Indictment, the defendants, **DEQUAN M. KEYS** and **MARWAN H. MUHAMMAD**, shall forfeit to the United States any firearms or ammunition involved or used in such offense(s), including, but not limited to the following: a Glock, Model 17, 9mm handgun (S/N: CDTW399), and any related ammunition.

**Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

*s/Foreperson*
**Foreperson**

**KELLY A. NORRIS**
**ACTING UNITED STATES ATTORNEY**

**NOAH R. LITTON (0090479)**
**Assistant United States Attorney**